RECEIVED

NOV - 5 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

JACK BOURQUE                                      CIVIL ACTION NO. 12-2325

VERSUS                                             JUDGE DOHERTY

TESCO CORP.                                    MAGISTRATE JUDGE HANNA

### MEMORANDUM RULING

Pending before this Court is the Motion to Dismiss and Compel Arbitration [Doc. 6] filed by defendant Tesco Corporation (US) ("TESCO").  In its motion, TESCO seeks an order of the Court compelling plaintiff to participate in arbitration and dismissing the claims of the plaintiff against it on grounds dismissal of the action is appropriate where the terms of the arbitration agreement must be enforced.  The motion is unopposed.

In its motion, TESCO argues the plaintiff, a TESCO employee, received a copy of, and was bound by, the TESCO Dispute Resolution Program ("TDRP"), which states the arbitration procedures outlined in the TDRP "shall be the exclusive, final and binding method by which Disputes are resolved." "Disputes" is a defined term within the TDRP, defined as follows:

> [A]ll legal and equitable claims, demands, controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between persons bound by the Program or by an agreement to resolve Disputes under the Program, or between a person bound by the Program and a person or entity otherwise entitled to its benefits, including, but not limited, any matters with respect to:
> [ . . . . ]
>
> > (4)     any other matter related to or concerning the relationship between the Employee and the company including, by way of example and without limitation, allegations of discrimination based on . . . disability [and/or] workers' compensation

retaliation . . . .[1]

Additionally, the plaintiff executed a document entitled "Notice to Applicants Regarding Dispute Resolution Program," in which he acknowledged receipt and review of the TDRP, and agreed as follows:

> By my signature below, I acknowledge and understand that I am required to adhere to the Dispute Resolution Program and its requirement for submission of all claims to a process that may include mediation and/or arbitration.  I further understand that my employment application submission with the Company constitutes my acceptance of the terms of this provision as a condition of employment consideration.[2]

TESCO argues the plaintiff's complaint alleges a claim for workers compensation retaliatory discharge, *i.e.*, the plaintiff was forced to resign his position with TESCO because he sustained a work-related injury and/or filed a workers compensation claim in connection with that injury.  As such, TESCO argues the plaintiff's claim for workers compensation retaliatory discharge is clearly subject to the express terms of the TDRP, and, therefore, plaintiff's claim must be arbitrated pursuant to the terms of the TDRP.  The plaintiff does not oppose the motion, and, therefore, does not challenge the existence of the TDRP or its application to his claim.

Under the Federal Arbitration Act, a written provision evidencing an intent to settle by arbitration those controversies arising out of a commercial contract or transaction is deemed "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  Fifth Circuit jurisprudence establishes that arbitration is a matter of contract between the parties, and a court cannot compel a party to arbitrate a dispute unless the court determines the parties agreed to arbitrate the dispute in question.  *Pennzoil Exploration and*

---

[1] *See* "TESCO Dispute Resolution Program U.S. Employees," attached as Exhibit A to TESCO's Motion to Dismiss, Doc. 6.

[2] *See* "Notice to Applicants Regarding Dispute Resolution Program," attached as Exhibit B to TESCO's Motion to Dismiss, Doc. 6.

*Production Company v. Ramco Energy Limited*, 139 F.3d 1061, 1064 (5th Cir. 1998). The parties'

intentions control, but those intentions are generously construed as to issues of arbitrability. *Id.* at

1065.

The Fifth Circuit has held dismissal is appropriate under the circumstances. To wit, in

*Fedmet Corp. v. M/V Buyalyk*, the court stated:

> Although the express terms of §3 provide that "a stay is mandatory upon a showing
> that the opposing party has commenced suit upon any issue referable to arbitration
> under an agreement in writing for such arbitration . . . ", we have interpreted this
> language to mean only that the district court cannot deny a stay when one is properly
> requested. "This rule, however, was not intended to limit dismissal of a case in the
> proper circumstances." *If all of the issues raised before the district court are
> arbitrable, dismissal of the case is not inappropriate. As we explained in Alford:*
>
>> *Although we understand that plaintiff's motion to compel arbitration
>> must be granted, we do not believe the proper course is to stay the
>> action pending arbitration. Given our ruling that all issues raised in
>> this action are arbitrable and must be submitted to arbitration,
>> retaining jurisdiction and staying the action will serve no purpose.
>> Any post-arbitration remedies sought by the parties will not entail
>> renewed consideration and adjudication of the merits of the
>> controversy but would be circumscribed to a judicial review of the
>> arbitrator's award in the limited manner prescribed by law.*

194 F.3d 674, 679 (5th Cir. 1999) (internal citations omitted) (emphasis added), *citing Alford v. Dean*

*Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

Here, the only issue that has been presented to the Court for consideration is the plaintiff's

retaliatory discharge claim based on the filing of a workers compensation claim, and TESCO argues

the TDRP is applicable to such claim. Plaintiff does not refute the foregoing.

This Court also notes the dual nature of the instant motion. TESCO seeks two forms of

relief: (1) an order compelling arbitration, and (2) an order dismissing the lawsuit on the basis that

the claims must be arbitrated. Because the motion to dismiss does not seek dismissal on any

substantive grounds, the motion cannot be said to invoke the merits of the case. As such, the motion

to dismiss is can be categorized as "perfunctory," that is, TESCO has not evidenced a desire to resolve the underlying dispute by seeking a decision on the merits while keeping the arbitration option open.[3]  Because the merits of the underlying dispute are not being adjudicated by this Court, the Court concludes dismissal without prejudice is appropriate.

Considering the foregoing, this Court concludes the plaintiff's claim for workers compensation retaliatory discharge is subject to the "Dispute Resolution Program and its requirement for submission of all claims to a process that may include mediation and/or arbitration."  Although TESCO argues the Court should compel arbitration, the document signed by the plaintiff does not expressly require arbitration, only that the plaintiff submit his claims to the Dispute Resolution Program, which may require arbitration.  Ergo, it is ORDERED that the Motion to Dismiss and Compel Arbitration [Doc. 6] filed by defendant Tesco Corporation (US), appearing to be well-founded in law and fact and being unopposed by the plaintiff, is hereby GRANTED.  The plaintiff shall submit his claim for workers compensation retaliatory discharge to TESCO according to the procedures and policies of the TDRP, which may or may not include arbitration, and all claims asserted by the plaintiff in the instant lawsuit are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that, because the instant ruling appears to resolve all pending claims in this lawsuit, the parties shall submit a Final Judgment, approved as to form, within ten (10) days of the date of this Ruling.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___5th___ day of November, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[3] See In re Mirant Corp., 613 F.3d 584, 589-90 (5th Cir. 2010), wherein the court explained that under these circumstances, "there is no attempt to game the system by seeking a decision on the merits while keeping the arbitration option nas s backup plan in case the effort fails."  It is also clear that in such cases, the merits of the underlying dispute are not adjudicated by the court, which bolsters this Court's determination that the dismissal requested should be without prejudice.